# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRANDON KELLOGG, individually
and on behalf of similarly situated       Case No. 1:19-cv-00396
persons,

             Plaintiffs,

      v.

FIVE STAR PIZZA CO., INC.
and ERIC ARNTSON,

           Defendants.

_____

David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 North Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

J. Forester*
Texas Bar No. 24087532
FORESTER HAYNIE PLLC
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
*Application for Admission
Forthcoming
*Attorneys for Plaintiffs*

_____

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Brandon Kellogg ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Original Complaint against Defendants Five Star Pizza Co., Inc and Eric Arntson, and alleges as follows:

1. Defendants operate numerous Domino's franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses incurred that the drivers' unreimbursed expenses cause their wages to fall below the federal and Michigan minimum wage during some or all workweeks (nominal wages – unreimbursed vehicles expenses = subminimum net wages).

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Domino's stores.

3. Plaintiff brings this lawsuit as a class action under state minimum wage law applicable over the relevant time period (*e.g.*, MICH. COMP. LAWS § 408.411 *et seq*. and MICH. COMP. LAWS § 408.931 *et seq.*) to recover unpaid minimum wages

and overtime hours owed to himself and similarly situated delivery drivers employed by Defendants at their Domino's stores.

4. Minimum wage in Michigan has been governed by various statutes over the relevant time period, such as MICH. COMP. LAWS § 408.411 *et seq.* and MICH. COMP. LAWS § 408.931 *et seq.* For purposes of this Complaint, the applicable statutes will be referred to as "Michigan Minimum Wage Law."

## Jurisdiction and Venue

5. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question). This Court maintains jurisdiction over Plaintiff's Michigan Minimum Wage Law claim pursuant to 28 U.S.C. § 1367, MICH. COMP. LAWS 408.419(1)(a) and MICH. COMP. LAWS 408.939(a)(1).

6. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiff in this District, Defendants operate Domino's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

7. Defendant Five Star Pizza Co., Inc. is a Michigan Limited Liability Company maintaining its principal place of business in this District.

8. Defendant Eric Arntson is an individual who resides in Michigan in this District. Defendant Eric Arntson is individually liable because, during the relevant times, he was an owner of substantial interests in Defendant Five Star Pizza Co., Inc., served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as he held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records.

9. Plaintiff Brandon Kellogg is an individual residing in Provo, Utah. Plaintiff was employed by Defendants from approximately March 2018 until June 2018 as a delivery driver at Defendants' Domino's stores located in Battle Creek, Michigan and within this District. Plaintiff's consent to pursue this claim under the FLSA is attached to this First Amended Complaint as "Exhibit 1."

## General Allegations

### *Defendants' Business*

10. Defendants own and operate numerous Domino's franchise stores, including stores within this District and this Division.

11. Eric Arntson is an owner, officer and director of corporate Defendant Five Star Pizza Co., Inc.

4

12.  In this capacity, Mr. Arntson put the pay scheme at issue in place and has overseen and enforced Defendants' pay practices, and is, therefore, individually liable for the violations at issue.

13.  Defendants' Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

***Defendants' Flawed Automobile Reimbursement Policy***

14.  Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

15.  Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

16.  Defendants have utilized methods of reimbursement over the relevant time period that have failed to adequately reimburse their drivers for the actual expenses incurred to own and operate a motor vehicle. This policy of underreimbursement applies to all of Defendants' delivery drivers.

17.  Defendants'     delivery     driver     reimbursement     results     in underreimbursement of their drivers' actual automobile expenses.

18.  During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $0.535 and $0.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $0.571 and $0.608 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

19. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

20.  Defendants' reimbursement policies do not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their

delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

21. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

22. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

23. At all relevant times, Defendants' reimbursement policy and methodology failed to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Violates Federal and State Minimum Wage Law*

24. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formulas have resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

25. Plaintiff was paid a cash wage of $4.80 per hour during his employment as a delivery driver with Defendants, including a tip credit applicable to the time he performed deliveries.

26. At all relevant times, Defendants purported to pay Plaintiff and other delivery drivers the exact Michigan minimum wage after application of a "tip credit" applied to the time the drivers spent delivering pizzas.

27. Defendants did not notify Plaintiff and other delivery drivers of the "tip credit" in writing or post a "tip credit notice" in their stores.

28. The federal minimum wage has been $7.25 per hour since July 24, 2009 and Michigan's minimum wage has been at least $8.90 since January 1, 2017, increasing to the current rate of $9.45 as of March 29, 2019.

29. During the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed $1.10 per delivery.

30. During the relevant time period, the IRS business mileage reimbursement rate ranged between $0.56 and $0.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates.

31. During his employment, Plaintiff averaged at least 2 deliveries per hour and averaged at least 3 miles per delivery.

32. Using the lowest IRS rate per mile driven ($0.535 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, in an average hour, Plaintiff should have been paid at least $3.21 in reimbursement for his mileage.

33. In an average hour, Plaintiff was paid $2.20 in reimbursement for his mileage. Therefore, using even a conservative underestimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by a minimum of $1.01 per hour.

34. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the minimum wage before deducting unreimbursed business expenses.

35. Because Defendants paid the bare minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

36. While the amount of Defendants' actual reimbursements per delivery may vary over time, on information and belief, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

37.  On information and belief, Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much lower than any reasonable approximation of delivery drivers' automobile expenses.

38.  The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay applicable minimum wage to their delivery drivers.  Defendants thereby enjoy ill-gained profits at the expense of their employees.

**Class and Collective Action Allegations**

39.  Plaintiff brings Count I under the FLSA as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

40.  The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

41.  Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

42.  Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizza and food items for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same Delivery Driver reimbursement policy that underestimated automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. Defendants failed to keep accurate records of deductions from Class members' wages in violation of Federal law;

i.  They were reimbursed similar set amounts of automobile expenses per delivery; and

j.  They were paid similar minimum wage rates.

43.  Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former delivery drivers who worked for Defendants in Michigan since May 17, 2016 to the present.

44.  The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

45.  The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

46.  Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a.  Whether they have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.  Whether they have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.  Whether Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.  Whether they incurred costs for automobile expenses while delivering pizza and food items for the primary benefit of Defendants;

e.  Whether they were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.  Whether they were subject to the same pay policies and practices of Defendants;

g.  Whether they were subject to the same Delivery Driver reimbursement policy that underestimated automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the Michigan minimum wage in some or all workweeks;

h.  Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Federal and Michigan law;

i.  Whether they were reimbursed similar set amounts of automobile expenses per delivery; and

j.  Whether they were paid near the federal and state minimum wage before deducting unreimbursed business expenses.

47.  The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

48.  Plaintiff's claim is typical of those of the Class in that:

a. Plaintiff and the Class worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimated automobile expenses per mile, and thereby were systematically deprived of reasonably approximate reimbursements, resulting in wages below the applicable minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i. Plaintiff and the Class were paid at or near the Michigan minimum wage before deducting unreimbursed business expenses.

49. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

50.  Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have

extensive experience prosecuting complex wage and hour, employment, and class action litigation.

51.  Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

52.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938
### 29 U.S.C. § 201 *et seq.*

53.  Plaintiff reasserts and re-alleges the allegations set forth above.

54.  The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

55. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

56. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

57. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

58. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

59. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

60. Defendants are not allowed to claim any of the delivery drivers' tips as wages for purposes of the FLSA because they did not comply with the legal requirements to take the tip-credit exemption

61. Defendants did not notify Plaintiff and other delivery drivers of the specific tip credit amount that Defendants intended to claim for purposes of minimum wage compliance

62. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

63. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

64. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy that diminishes their wages beneath the federal minimum wage. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

65. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

66.  Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

67.  As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### Count II:  Violations of the Michigan Minimum Wage Law

68.  Plaintiff reasserts and re-alleges the allegations set forth above.

69.  At all relevant times, Defendants have been and continue to be an "employer" within the meaning of the Michigan Minimum Wage Law.

70.  At all relevant times, Plaintiff and other delivery drivers were "employees" of Defendants within the meaning of the Michigan Minimum Wage Law.

71.  At all relevant times herein, Plaintiff and members of the proposed Rule 23 Class have been entitled to the rights, protections, and benefits provided by the Michigan Minimum Wage Law.

72.  As described in the preceding paragraphs, Defendants reimbursed Plaintiff and other delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the state minimum wage.

73.  Defendants are not allowed to claim any of the delivery drivers' tips as wages for purposes of Michigan Minimum Wage Law because they did not comply with the tip-credit exemption.

74.  Defendants did not notify Plaintiff and delivery drivers of the specific tip credit amount that Defendants intended to claim for purposes of minimum wage compliance

75.  Defendants did not pay a minimum cash wage free and clear of unreimbursed expenses as required by state minimum wage law.

76.  As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Michigan Minimum Wage Law.

77.  As set forth above, Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff on behalf of himself and the Putative Plaintiffs, seeks

damages in the amount of their unpaid earned compensation, liquidated damages in an amount equal to the amount of unpaid minimum wages under the Michigan Minimum Wage Law, plus applicable interest and reasonable attorneys' fees and expenses incurred in the prosecution of this action and all other remedies due at law or equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Putative Plaintiffs collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under Michigan Minimum Wage Law and designate the Plaintiff as representative on behalf of all those similarly situated of the class;

3. Award Plaintiff and the Putative Plaintiffs actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class as provided by the Michigan Minimum Wage Law and pursuant to the FLSA, 29 U.S.C. § 216(b);

4.      Award Plaintiff and the Putative Plaintiffs pre- and post-judgment interest under the relevant statute;

5.      Award Plaintiff and the Putative Plaintiffs attorneys' fees, costs, and disbursements as provided by the Michigan Minimum Wage Law and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6.      Award Plaintiff and the Putative Plaintiffs further legal and equitable relief as this Court deems necessary, just, and proper.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

BLANCHARD & WALKER, PLLC

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

-and-

FORESTER HAYNIE PLLC
J. Forester*
Texas Bar No. 24087532
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax

www.foresterhaynie.com
*Application for Admission Forthcoming

Dated:  May 17, 2019                    *ATTORNEYS FOR PLAINTIFFS*